IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BLANKENSHIP GROUP, INC., and BLANKENSHIP GROUP, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>POETTKER CONSTRUCTION COMPANY, ZODIAC-POETTKER HBZ JOINT VENTURE II, LLC, and LIBERTY MUTUAL INSURANCE COMPANY, <br><br>    Defendants. | Civil Action Number <br><br>**CV423-217** |

## COMPLAINT

THE UNITED STATES OF AMERICA, for the use and benefit of Blankenship Group, Inc., and Blankenship Group, Inc. (hereafter "BGI"), plaintiffs herein, file this Complaint against defendants Poettker Construction Company (hereafter "Poettker"), Zodiac-Poettker HBZ Joint Venture II, LLC ("Zodiac"), and Liberty Mutual Insurance Company ("Liberty"), showing this Honorable Court as follows:

**The Parties, Jurisdiction, and Venue**

1. BGI is a Georgia corporation with its principal place of business located in Richmond Hill, Georgia.

2. Poettker is an Illinois corporation registered to transact business and doing business in Georgia, with its principal place of business located Breese, Illinois.

1

3. Defendant Zodiac is a Missouri limited liability company, not registered to transact business but doing business in Georgia, with its principal place of business located in St. Louis, Missouri.

4. Defendant Liberty is a Massachusetts insurance company registered to transact insurance in Georgia, with its principal place of business in Boston, Massachusetts.

5. This Court has jurisdiction over this matter and venue is proper as to Zodiac and Liberty in this District, pursuant to 40 U.S.C. §§ 3131, et seq. (the "Miller Act"), because BGI's claims asserted against Zodiac and Liberty arise out of a payment bond issued for the protection of persons supplying labor and materials to carry out work under a contract for the construction of public buildings or public works of the United States that are located in this District.

6. This Court also has jurisdiction over BGI's breach of contract claims against Poettker pursuant to 28 U.S.C. § 1367(a), and venue is proper in this court for such claims pursuant to 28 U.S.C. § 1391(b)(2).

**Factual Background**

7. On or about June 15, 2021, the United States Army Corps of Engineers ("USACE") awarded Contract No. W912HN21C3005 to Poettker for the construction of an aircraft hangar facility at Hunter Army Airfield, Savannah, Georgia (the "Project").

8. As required under the Miller Act, Zodiac, as principal, and Liberty, as surety, provided a Payment Bond to the USACE for the benefit and protection of all persons supplying labor and materials used in performance of the Project.

9. Poettker, acting for and on behalf of its joint venture with Zodiac, and BGI, as subcontractor, entered into a Subcontract Agreement, dated September 9, 2021, under which BGI was to provide and install the structural concrete scope for the Project.

10. Pursuant to the terms of the subject subcontract, Poettker was required to timely pay BGI for all work it performed and materials it supplied to the Project, including the original scope of work delineated in the subcontract and work performed pursuant to and as a result of modifications to the scope of the subcontract work.

11. Under Article 3 of the subcontract and the Federal Prompt Payment Act, 39 USC § 3905, Poettker was required to pay BGI, within not more than 10 days of Poettker's receipt of payment from USACE, all amounts representing payment for work performed by BGI.

12. BGI performed all of its obligations under its subcontract with Poettker, including performing all conditions precedent to receipt of full payment for all subcontract work performed by BGI and all additional amounts due as a result of modifications to the subcontract, except to the extent that completion of the work was prevented by Poettker.

13. BGI's performance of its work under the subcontract was halted when Poettker wrongfully, without proper cause, and in violation of the terms of the subcontract, terminated the subcontract.

14. Upon information and belief, Poettker has received payment from the USACE for most, if not all, of the work BGI performed on the Project, excepting only amounts which may have been withheld by USACE due to defaults by Poettker under the general contract.

15. However, despite demands for payment of the balances owed BGI under the subcontract, and further despite Poettker's receipt of payment from USACE for work performed

by BGI on the project, Poettker has failed and refused to pay BGI the remaining balances owed, in breach of both the subcontract and the Federal Prompt Payment Act.

16. There is a principal balance of the adjusted subcontract price remaining owed by Poettker to BGI in the amount of $304,813.19, including $53,779.22 owed for a change to the work, for which Poettker wrongly refused to execute a formal change order. This amount has been due and owing since no later than the end of October 10, 2022.

17. In addition to breaching the subcontract by failing to make payment thereunder as required, Poettker further breached the subcontract by wrongfully terminating it, causing BGI to lose the profit that it would have made by performing the remaining work thereunder.

18. By its wrongful termination of the subcontract, Poettker has damaged BGI in the amount of its anticipated profits on the remaining work, in the amount of $283,138.12.

19. Pursuant to Paragraph 11.2 of the subcontract, BGI is entitled to recover its attorney's fees and all costs of this action, in addition to the amounts set out above.

## COUNT I -BREACH OF CONTRACT

20. BGI repeats and incorporates by reference all of the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

21. Poettker's wrongful failure and refusal to pay BGI the principal balance of the adjusted subcontract price remaining owed by Poettker constitutes a breach of the terms of the subcontract.

22. Poettker is liable to BGI for said breach in the principal amount of $304,813.19, plus interest accruing since at least October 10, 2022.

23. BGI has demanded payment of the amounts owed as stated above. However, to date, Poettker has failed to make payment of the amounts owed as demanded.

24. Poettker is also liable to BGI, as a result of the wrongful termination of the subcontract, in the additional amount of $283,138.12, representing lost profits.

25. BGI has performed all obligations under the subcontract, including all conditions precedent to payment thereunder and to the obligations of Poettker sought to be enforced herein, except insofar as performance has been prevented or excused due to acts of Poettker.

## COUNT II —MILLER ACT

26. BGI repeats and incorporates by reference all of the allegations contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. There remains due and owing to BGI the principal amount of $304,813.19 for work performed and labor and materials provided to and incorporated in the Project.

28. Pursuant to the terms of the Payment Bond and of the Miller Act, BGI is entitled to recover from Zodiac and Liberty, jointly and severally, the principal amount of $304,813.19.

29. More than 90 days and less than 1 year have elapsed since BGI last performed work on the Project, and all conditions and requirements for bringing this action under the Payment Bond and the Miller Act have been satisfied.

WHEREFORE, BGI respectfully prays that this Court award the following relief:

    (a) An award against Poettker in the principal amount of $304,813.19, plus interest from October 10, 2022, plus all costs of this action, including reasonable attorney's fees;

    (b) An additional award against Poettker in the amount of $283,138.12;

(c) An award against Zodiac and Liberty, jointly and severally, in the principal amount of $304,813.19, plus interest from October 10, 2022, plus all costs of this action, including reasonable attorney's fees;

(d) That all issues of fact be tried to a jury of 12 persons; and

(e) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ David H. Johnson
David H. Johnson
State Bar of Georgia #393250
Attorney for BGI

McCorkle, Johnson & McCoy, LLP
319 Tattnall Street
Savannah, Georgia 31401
Phone: (912) 232-6000
Email: dhj@mccorklejohnson.com

Q:\DATA\WPDATA\9700\9724-04 poettker complaint.docx